IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUANES L.L., | Civil No. 1:26-cv-04906-MWJS |
| Petitioner, | ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS |
| vs. | |
| WARDEN OF THE CALIFORNIA CITY DETENTION FACILITY, *et al.*, | A# 233-518-996 |
| Respondents. | |

## **ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner Duanes L.L.[1] is an immigration detainee proceeding with a petition for writ of habeas corpus under 28 U.S.C. § 2241.  Dkt. No. 1.

In February 2024, Petitioner was paroled into the country under the Cuban Family Reunification Parole Program.  Dkt. No. 1, at pg. 5; Dkt. No. 8, at pg. 7.  In March 2026, he was arrested for driving with a suspended license.  Dkt. No. 1, at pg. 6; Dkt. No. 8, at pg. 7.  Following that arrest, Petitioner was transferred to the custody of U.S. Immigration and Customs Enforcement.  Dkt. No. 8, at pg. 7.

---

[1] For reasons previously explained in *Sergio D.L.S. v. Warden, Cal. City Correctional Ctr.*, No. 1:26-cv-02821-MWJS, 2026 WL 1049713, at *1 n.1 (E.D. Cal. Apr. 17, 2026), only Petitioner's first name and the initials of his last name are used in this order.

Petitioner now invokes this court's habeas jurisdiction contending that his current detention violates his rights under the Due Process Clause of the Fifth Amendment.  Dkt. No. 1, at pgs. 16–17.

Respondents acknowledge that Petitioner was paroled into the country in February 2024.  *See* Dkt. No. 8, at pg. 7.  They do not contend, however, that Petitioner was provided any process prior to being detained, nor do they identify anything in the current record suggesting that doing so would have been infeasible.  Instead, Respondents describe Petitioner as an "applicant for admission" and argue that his detention is mandatory under 8 U.S.C. § 1225(b)(2).[2]  *Id.* at pgs. 1–2.  This court and many others have rejected Respondents' argument that individuals in Petitioner's position are subject to mandatory detention under 8 U.S.C. § 1225(b)(2).  *See, e.g.,* *Amarjeet S. v. Frauenheim*, No. 1:26-cv-04259-MWJS, 2026 WL 1628668 (E.D. Cal. June 5, 2026); *Raul C.E. v. Murray*, No. 1:26-cv-04052-MWJS, 2026 WL 1578958 (E.D. Cal. June 2, 2026); *Danilo J.Q.E. v. Mullin*, No. 1:26-cv-03370-MWJS, 2026 WL 1257548 (E.D. Cal. May 7, 2026).  Indeed, Respondents acknowledge the "many" cases contrary to their

---

[2]     Respondents also assert at one point that Petitioner would be subject to mandatory detention under 8 U.S.C. § 1226(c) were he to be convicted of certain crimes based on events that occurred in March 2025. Dkt. No. 8, at pg. 2.  But the possibility that Respondents might have the authority (indeed, the obligation) to detain Petitioner in the future—based on a conviction that might or might not occur—is not a source of authority to detain him now.  Nor do Respondents identify any reason why it would have been infeasible to provide pre-deprivation process at any time between March 2025 and the commencement of Petitioner's immigration detention in March 2026.

2

position.  Dkt. No. 8, at pgs. 1–2; *see also id.* at pg. 8 ("Respondents acknowledge the cases to the contrary in this District.").  The court has again considered these precedents and concluded that they reached the correct result based on the current state of Supreme Court and circuit precedent.

Given the lack of any factual or legal issues in this case that would distinguish it from the prior orders that this court has found persuasive, IT IS HEREBY ORDERED that the petition for writ of habeas corpus, Dkt. No. 1, is GRANTED.  Respondents are ORDERED to immediately release Petitioner Duanes L.L. (A# 233-518-996) from their custody.  Respondents shall not impose any additional restrictions on Petitioner, unless that is determined to be necessary at a future pre-deprivation/custody hearing.

Respondents are permanently ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, which include, at a minimum, pre-deprivation notice describing the change of circumstances necessitating Petitioner's arrest and detention, and a timely hearing.  At any such hearing, the government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight, and Petitioner shall be allowed to have their counsel present.  This order does not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal, or in the event exigent or

3

urgent circumstances arise that justify arresting and detaining Petitioner before pre-deprivation process can be provided.

Considering the foregoing, Petitioner's motion for appointment of counsel, Dkt. No. 3, is DENIED AS MOOT.  The Clerk of Court is DIRECTED to close this case and enter judgment for Petitioner.

IT IS SO ORDERED.

DATED:  July 1, 2026, at Honolulu, Hawaiʻi.



/s/ Micah W.J. Smith

Micah W.J. Smith
United States District Judge

Civil No. 1:26-cv-04906-MWJS; *Duanes L.L. v. Warden of the California City Detention Facility*, et al.; ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS